UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOMINIC BARBOSA, | ) | 2:23-CR-00104-SDN |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO WAIVE RESTITUTION**

In 2024, Dominic Barbosa pleaded guilty to one count of wire fraud and aiding and abetting and one count of aggravated identity theft, and the Court sentenced him to a 36-month term of imprisonment and ordered him to pay restitution in addition to a $100 assessment on each count. ECF No. 61. The Judgment required Mr. Barbosa to make a lump sum restitution payment of $51,804.40 immediately, and any amount he was unable to pay immediately was ordered "due and payable during the term of incarceration." *Id.* at 8. Upon release from incarceration, any balance "shall be paid in monthly installments, to be initially determined in amount by the supervising officer." *Id.* On August 31, 2026, Mr. Barbosa filed a motion seeking a waiver or, in the alternative, a stay, of the mandatory restitution ordered as part of his sentence. ECF No. 73. Mr. Barbosa states that making his required restitution payments is a burden because he needs to save money ahead of his release from custody. *Id.* at 1. The Government opposed Mr. Barbosa's motion. ECF No. 74.

Mr. Barbosa has not established a basis for the relief he seeks. Under 18 U.S.C. § 3664, courts must order restitution "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). Section 3664(k) permits the

Court to adjust the payment schedule upon a material change in a defendant's financial circumstances. 18 U.S.C. § 3664(k); *see also*, *United States v. Hyde,* 847 F.3d 103, 108 (1st Cir. 2007). Here, however, the Court imposed no payment schedule to adjust. The Judgment directed Mr. Barbosa to pay restitution immediately in a lump sum, or failing that, during his term of imprisonment. ECF No. 61.

Nor has Mr. Barbosa shown a material change in his financial circumstances since sentencing that would warrant relief under § 3664(k). He remains incarcerated. *See United States v. Richards*, Nos. 15-cr-00168 & 16-cr-00001, 2024 WL 3293351, at *1 (D. Me. July 3, 2024) (finding no basis for modification pursuant to 18 U.S.C. § 3664(k) given Defendant's continuing incarceration); *United States v. Fenton*, 577 F. Supp. 2d 458, 459 (D. Me. 2008) (same). Upon his release, Mr. Barbosa's supervising officer will set the amount of his monthly payments. Mr. Barbosa may then "obtain judicial review of the schedule of payments set by the supervising officer." *United States v. Dunston*, No. 15-cr-00162, 2018 WL 4102233, at *2 (D. Me. Aug. 28, 2018).

Second, to the extent Mr. Barbosa seeks an order directly the Bureau of Prisons ("BOP") to stop collecting payments through the Inmate Financial Responsibility Program, he must pursue relief through the BOP's administrative process and, if unresolved, as a habeas petition under 28 U.S.C. § 2241 in the district of confinement. *United States v. Reeves*, No. 05-cr-00047, 2015 WL 475266, at *4 (D. Me. Feb. 4, 2015). As the Government's opposition points out, Mr. Barbosa is incarcerated in Massachusetts. Venue for any such petition therefore lies in that district, not this one.

For these reasons, the Court **DENIES** Mr. Barbosa's motion to waive, or in the alternative, stay restitution, ECF No. 73.

**SO ORDERED.**

Dated this 12th day of November, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**